

# NUMBERS 13-22-00291-CR, 13-22-00294-CR, 13-22-00295-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ROBERTO SILVA
A/K/A ROBERTO LUIS SILVA,                                      Appellant,

v.

THE STATE OF TEXAS,                                           Appellee.

On appeal from the 105th District Court
of Kleberg County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

Appellant Roberto Silva a/k/a Roberto Luis Silva challenges the trial court's

revocation of his community supervision, arguing that the punishment assessed by the

trial court was grossly disproportionate to the seriousness of the offenses in violation of

the Eighth and Fourteenth Amendments of the U.S. Constitution. *See* U.S. CONST. amends. VIII, XIV. We affirm.

## I.    BACKGROUND

In January 2022, pursuant to a plea bargain agreement relating to three indictments, Silva entered pleas of guilty to the following offenses: one count of possession of a controlled substance, a second-degree felony,[1] *see* TEX. HEALTH & SAFETY CODE ANN. § 481.116; one count of bail jumping, a third-degree felony,[2] *see* TEX. PENAL CODE ANN. § 38.10; one count of indecency with a child, a second-degree felony, *see id.* § 21.11; two counts of delivery of a controlled substance to a minor, third-degree felonies, *see* TEX. HEALTH & SAFETY CODE ANN. § 481.122; and one count of indecency with a child by exposure, a third-degree felony.[3] *See* TEX. PENAL CODE ANN. § 21.11. Silva was placed on deferred adjudication community supervision for a period of eight years.

In all three trial court cases, the State moved to revoke Silva's community supervision and to adjudicate him guilty on April 7, 2022, and amended motions were filed on May 3, 2022. On May 24, 2022, a hearing was held on the motions to revoke, and Silva pleaded "true" to each allegation contained in the motions. Subsequently, the trial court found Silva violated the terms of his community supervision as alleged in the motions to revoke and adjudicated him guilty in each case. The trial court sentenced Silva as follows: ten years' imprisonment for the bail jumping offense, fifteen years'

---

[1] Trial court cause number 20-CRF-0348 with corresponding appellate case number 13-22-00291-CR.

[2] Trial court cause number 21-CRF-0209 with corresponding appellate case number 13-22-00295-CR.

[3] Trial court cause number 21-CRF-0428 with corresponding appellate case number 13-22-00294-CR.

imprisonment for the possession of a controlled substance offense, twenty years' imprisonment for the indecency with a child offense, ten years' imprisonment for each of the two counts of delivery of a controlled substance to a minor, and ten years' imprisonment for the indecency with a child by exposure offense. The trial court ordered the sentence for the indecency with a child offense to run consecutively with the possession charge and all other sentences to run concurrently. This appeal followed.

## II.   DISPROPORTIONATE PUNISHMENT

By his sole issue on appeal, Silva argues that the trial court erred in assessing punishments that were disproportionate to the seriousness of the offenses he was charged with. *See* U.S. CONST. amends. VIII, XIV.

## A.   Standard of Review & Applicable Law

We review a court's sentencing determination for an abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Generally, if a sentence is assessed within the legislatively determined range, it will not be found unconstitutional. *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006) (noting that "the sentencer's discretion to impose any punishment within the prescribed range [is] essentially 'unfettered'"); *Foster v. State*, 525 S.W.3d 898, 912 (Tex. App.—Dallas 2017, pet. ref'd); *see also Nightingale v. State*, No. 13-22-00334-CR, 2023 WL 3243414, at *8 (Tex. App.—Corpus Christi–Edinburg May 4, 2023, no pet. h.) (mem. op., not designated for publication).

An allegation of excessive or disproportionate punishment is a legal claim "embodied in the Constitution's ban on cruel and unusual punishment" and based on a "narrow principle that does not require strict proportionality between the crime and the

3

sentence." *State v. Simpson*, 488 S.W.3d 318, 322–24 (Tex. Crim. App. 2016) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991)); *see* U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."). A successful challenge to proportionality is exceedingly rare and requires a finding of "gross disproportionality." *Simpson*, 488 S.W.3d at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd) (providing that a sentence is unlikely to be disturbed on appeal if it is assessed within the legislatively determined range).

To preserve for appellate review a complaint that a sentence constitutes cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* TEX. R. APP. P. 33.1(a); *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Navarro v. State*, 588 S.W.3d 689, 690 (Tex. App.—Texarkana 2019, no pet.) (holding that to preserve a disproportionate-sentencing complaint, the defendant must make a timely, specific objection in the trial court or raise the issue in a motion for new trial); *Toledo v. State*, 519 S.W.3d 273, 284 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (same).

## B.    Analysis

Silva did not object in the trial court or raise in a motion for new trial that his sentence was disproportionate to the offenses charged or in violation of his constitutional rights. Additionally, the sentences imposed for each charge are within the statutorily prescribed punishment range for second and third-degree felonies. *See* TEX. PENAL CODE ANN. § 12.33(a) ("An individual adjudged guilty of a felony of the second degree shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of

4

not more than 20 years or less than 2 years."); *id.* § 12.34(a) ("An individual adjudged guilty of a felony of the third degree shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than 10 years or less than 2 years."). Accordingly, each sentence falls within the proper punishment range and Silva has failed to preserve this complaint on appeal. *See Trevino*, 174 S.W.3d at 927–28 ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection.").

Even if Silva had preserved his complaint on appeal, his argument that the proportionality of his sentences should be analyzed under the *Solem* factors falls flat. *See Solem v. Helm*, 463 U.S. 277, 290–91 (1983). The Supreme Court's *Solem* factors, which have been called into serious question by *Harmelin*, analyze the disproportionality of a punishment by assessing: (1) "the gravity of the offense and the harshness of the penalty," (2) "the sentences imposed on other criminals in the same jurisdiction," and (3) "the sentences imposed for commission of the same crime in other jurisdictions." *See Solem*, 463 U.S. at 290–91; *see Harmelin v. Michigan*, 501 U.S. 957, 985 (1991). While Silva argues that "the punishment assessed by the judge was excessive and clearly should be reserved for more heinous offenders," he provides no explanation for why. Silva presented no evidence in the trial court, and presents no argument on appeal, "compar[ing] [his] sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016). Absent this comparative analysis, we are unable to conclude that the sentences are grossly disproportionate. *See*

5

*id.*; *see also Esquivel v. State*, No. 13-21-00179-CR, 2022 WL 17492274, at *2 (Tex. App.—Corpus Christi–Edinburg Dec. 8, 2022, pet. ref'd) (mem. op., not designated for publication) (rejecting Eighth Amendment challenge where appellant offered no comparative evidence of sentences received by other offenders). We overrule Silva's sole issue.

## III.  CONCLUSION

We affirm the trial court's judgment.

NORA LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
29th day of June, 2023.